Copy

STATE OF MAINE

UNIFIED CRIMINAL DOCKET

LOCATION: PORTLAND

DOCKET NO. CUMCD-CR-09-6192

STATE

V.

DECISION AND ORDER

SCOTT CRAWFORD

There was a hearing on December 3, 2009 concerning defendant's motion for discovery. The defendant is charged with operating under the influence and leaving the scene of an accident

The court has reviewed the following documents *in camera*: letter dated August 5, 2009 from an Assistant District Attorney Intern to the alleged victim in this case asking for information and outlining the proposed plea offer to the defendant; a document titled "Cumberland County District Attorney's Office" completed and signed by the alleged victim that includes information about his financial loss related to the alleged crime; a document titled "Auto Repair Order" which appears to be a damage estimate or bill for damage to the alleged victim's vehicle; a document titled "Rental-Out" which appears to be a bill for rental of a car by the alleged victim; and a two page "Victim Impact Statement" signed by the alleged victim.

None of the above-described documents fall within the automatic discovery provisions of Rule 16(a) of the Maine Rules of Criminal Procedure.

The state asserts that, pursuant to M.R.Crim.P. 16(b)(3), all of the documents are work product that need not be provided to the Defendant upon request.

The letter from the Assistant District Attorney Intern does not fall into any of the categories of items or information discoverable pursuant to M.R.Crim.P. 16(b)(2)(A)-(E), and there is no obligation to provide it to the defendant.[1]

The car repair estimate and the rental car bill also do not fall within items or information discoverable pursuant to M.R.Crim.P. 16(b)(2)(A)-(E), except to the extent that the state intends to use them as evidence at trial or at a restitution hearing if the defendant is found guilty.[2] Therefore, the state must provide copies to the defendant before trial only if the state intends to use them at trial, or only after trial but before a restitution hearing if the defendant is found guilty and the state seeks restitution.

The Cumberland County District Attorney's Office document and the Victim Impact Statement, both prepared and signed by the alleged victim, are not the District Attorney's work product because they do not "contain the mental impressions, conclusions, opinions, or legal theories of the attorney for the state or members of his or her legal staff." M.R.Crim.P. 16(b)(3).[3] However, although it is not entirely clear from

---

[1] The letter does not appear to include any "mental impressions, conclusions, opinions, or legal theories" of the District Attorney or her staff except perhaps the paragraph concerning the proposed plea offer to the defendant. However, this plea offer becomes public knowledge, and knowledge to the defendant, at least by the date of arraignment unless it is modified after the response is received from the alleged victim. That paragraph may constitute conclusions, opinions, or legal theories if the offer is later modified and a different offer is made to the defendant. If the same offer is made as in the letter, a work product privilege is waived when the offer is presented to the defendant.

[2] See M.R.Crim.P. 16(2)(A). They would need to be provided to the defendant despite 16 M.R.S. § 53-C, at least to avoid a possible due process issue.

[3] Conversely, they do appear to be "written or recorded statements of witnesses and summaries of statements of witnesses contained in police reports or similar matter." M.R.Crim.P. 16(b)(2)(D). There seems to be little to distinguish these documents from witness statements and other information obtained by the police during the course of their investigation of a crime, except that they are privileged communications pursuant to 16 M.R.S. §53-C.

2

the documents,[4] they appear to be privileged communications pursuant to 16 M.R.S. §53-C. The documents do not contain any exculpatory matters that should be disclosed to the defendant and the court is satisfied that they need not be provided to defendant. See 16 M.R.S.§ 53-C(3)(C) &(E); M.R.Crim.P. 16(b)(6).

Therefore, defendant's motion is denied.

Dated: 12/4/09

_____
Judge, Unified Criminal Docket

---

[4] It is not clear because the initial letter was from an ADA intern and the documents were provided to the court by an ADA. The court assumes that the District Attorney's office has a victim advocate or coordinator as defined in 16 M.R.S. § 53-C(1)(C), the documents were intended for that advocate, and that advocate provided the documents to the ADA pursuant to 16 M.R.S § 53-C(3)(A).

3

STATE OF MAINE
  vs
SCOTT CRAWFORD                                    Docket No  CUMCD-CR-2009-06192
180 LINCOLN RD
WALPOLE MA 02081                                  **DOCKET RECORD**

DOB: 06/21/1958
Attorney: AMY ROBIDAS                    State's Attorney: STEPHANIE ANDERSON
          ZERILLO LAW OFFICES
          103 EXCHANGE STREET
          PO BOX 17721
          PORTLAND ME 04112
          RETAINED 07/08/2009

Filing Document: CRIMINAL COMPLAINT           Major Case Type: MISDEMEANOR (CLASS D,E)
Filing Date: 08/06/2009

## Charge(s)

1   **OPERATING UNDER THE INFLUENCE**              06/13/2009 GRAY
**Seq 9878   29-A   2411(1-A)(A)          Class D**
   **GREEN                 / MSP**

2   **FAILING TO NOTIFY OF MOTOR VEHICLE**         06/13/2009 GRAY
   **ACCIDENT**
**Seq 1186   29-A   2255(1)              Class E**
   **GREEN                 / MSP**

## Docket Events:

08/06/2009 FILING DOCUMENT -  CRIMINAL COMPLAINT FILED ON 08/06/2009

08/06/2009 Charge(s): 1,2
           HEARING -  ARRAIGNMENT SCHEDULED FOR 08/19/2009 @ 8:30 in Room No.  1

           NOTICE TO PARTIES/COUNSEL
08/07/2009 Party(s):  SCOTT CRAWFORD
           ATTORNEY -  RETAINED ENTERED ON 07/08/2009

           Attorney:  AMY ROBIDAS
08/20/2009 Charge(s): 1,2
           HEARING -  ARRAIGNMENT WAIVED ON 08/19/2009 @ 8:30 in Room No.  1

08/20/2009 Charge(s): 1,2
           PLEA -  NOT GUILTY ENTERED BY COUNSEL ON 08/19/2009 @ 8:30 in Room No.  1

08/20/2009 Charge(s): 1,2
           HEARING -  DISPOSITIONAL CONFERENCE SCHEDULED FOR 11/10/2009 @ 9:30 in Room No.  7

08/20/2009 Charge(s): 1,2
           TRIAL -  JURY TRIAL SCHEDULED FOR 12/07/2009 @ 8:30 in Room No.  11

           NOTICE TO PARTIES/COUNSEL
10/27/2009 Charge(s): 1,2
           HEARING -  DISPOSITIONAL CONFERENCE NOTICE SENT ON 10/27/2009

11/10/2009 Charge(s): 1,2
        HEARING - DISPOSITIONAL CONFERENCE HELD ON 11/10/2009
        JOYCE A WHEELER , JUSTICE
        Attorney: AMY ROBIDAS
        DA: HANNAH AMES
        HELD. NO AGREEMENT, MOTIONS TO BE FILED. SET FOR JS ON 12-7-09.
11/10/2009 Charge(s): 1,2
        MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 11/10/2009

11/10/2009 Charge(s): 1,2
        MOTION - MOTION FOR DISCOVERY FILED BY DEFENDANT ON 11/10/2009

11/10/2009 Charge(s): 1,2
        HEARING - MOTION TO SUPPRESS SCHEDULED FOR 12/03/2009 @ 1:00 in Room No. 8

        NOTICE TO PARTIES/COUNSEL
11/10/2009 Charge(s): 1,2
        HEARING - MOTION TO SUPPRESS NOTICE SENT ON 11/10/2009

12/04/2009 Charge(s): 1,2
        HEARING - MOTION TO SUPPRESS HELD ON 12/03/2009
        ROLAND BEAUDOIN , JUDGE
        TAPE #3542
12/04/2009 OTHER FILING - WITNESS LIST FILED BY DEFENDANT ON 12/03/2009

12/04/2009 Charge(s): 1,2
        MOTION - MOTION TO SUPPRESS DENIED ON 12/04/2009
        ROLAND BEAUDOIN , JUDGE
        COPY TO PARTIES/COUNSEL
12/04/2009 ORDER - COURT ORDER FILED ON 12/04/2009
        ROLAND BEAUDOIN , JUDGE
        DECISION AND ORDER ON MOTION TO SUPPRESS DENIED. COPY SENT TO BOTH PARTIES. SEALED
        MATERIAL RETURNED TO HANNAH AMIES, ESQ.                         JH
12/04/2009 Charge(s): 1,2
        MOTION - MOTION FOR DISCOVERY DENIED ON 12/04/2009
        ROLAND BEAUDOIN , JUDGE
        COPY TO PARTIES/COUNSEL

A TRUE COPY
ATTEST: _____
                    Clerk